CHARLES JABLONSKY v. BARNARD WUSSLER et al., Appellants.

Division One, December 2, 1914.

**IMPLIED EASEMENT: Obstruction: Injunction.** For the reason stated in Bussmeyer v. Jablonsky, 241 Mo. 681, the judgment in this case in which plaintiff wishes to enforce an implied easement conferred upon one piece of property by the owner of the adjoining piece, and to enjoin the defendants from obstructing the entrance to a three-foot passageway upon a lot owned by defendants, is reversed, the facts and issues being the same.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED.

*Muench, Walther & Muench* for appellants.

*August Walz, Jr.,* and *W. G. Carpenter* for respondent.

GRAVES, J.—Action in equity to enforce an implied easement.   Such action takes the form of a pe-

tition by which it is sought to enjoin the defendants from obstructing the entrance to a three-foot passage- way upon the western part of a lot owned by the de- fendants.

Both the facts and the law of this case were be- fore this court in the case of Bussmeyer v. Jablonsky, 241 Mo. 681. The present plaintiff was the defendant in the Bussmeyer case. He urged upon us then the doctrine of there being required the element of neces- sity before there could be an easement by implication of law. He says in the record before us that the facts of the two cases are practically identical. The admis- sion thus reads:

"Mr. Carpenter: If your Honor please, I may concede right now that so far as any easement is con- cerned by prescription, we don't claim any. We are after an easement upon a different theory from that, and I want to call your Honor's attention to this case here. This is a case in the Utah Supreme Court, the case of Rollo v. Nelson, 34 Utah, 116 (citing and read- ing from opinion; also from case from Pennsylvania Supreme Court, Liquidated Carbonic Co. v. Wallace; also case from Oregon Supreme Court, German S. & L. Co. v. Gordon). These are all reported in the 26 L. R. A., New Series. One is reported at page 315, another at page 327, and the other case at page 331. All of them were heavily annotated. Here is a line of cases identical with this case (reading extracts from cases). This is all on the theory that these easements are appurtenant to this use in connection with the property sold. At this point it may be proper to state to your Honor that this very passageway on the south side of this man's property, going into the Bussmeyer property, was litigated in the circuit court here in 1908 in the same way that this is now being litigated. There Mr. Jablonsky stopped up the passageway, and this same identical proceeding was brought against

him, and in the hearing of that case before Judge RULE, the right to the easement was upheld. That case is now on appeal in the Supreme Court in this State. It raises the same identical question and practically the same identical facts here involved. And we hope to reach that in the Supreme Court next year. This is not a prescription easement we are seeking here. This is an easement where it was made specifically to the property by the owner himself and where it was conferred upon one piece of property in favor of an adjoining piece of property by the owner, an appurtenant to it, and enhances the value of that property. I want to offer that evidence, your Honor, and merely save an exception to the overruling of the objection."

A picture in the record will explain the situation. We have "exhibit 2" which shows both the passageway in dispute in the case at bar and the one in the Bussmeyer case. Here is the exhibit:

262Mo323

EXHIBIT 2.

The passageway in dispute we have marked with the letter "A." Then there is another passageway marked "B," and still a third one which we have marked "C." The one marked "C" is the one in dispute in the Bussmeyer case, supra. Back of all this property is the alley way fully described in the Bussmeyer case.

When this short statement and this picture are examined in connection with the full statement of facts in the Bussmeyer case, there will be a full statement of the case at bar. From it all it appears that the law stated in the Bussmeyer case controls this case. Under the views there expressed, this judgment should be reversed, and it is so ordered. All concur.